*filed in open this 22nd day of August, 2007*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Criminal Action No. 07-58-JJF |
| | ) | |
| VINCENTE VILLALOBOS-RODRIGUEZ, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OF PLEA AGREEMENT

Pursuant to discussions between the United States of America, by Colm F. Connolly, United States Attorney for the District of Delaware, and Edmond Falgowski, Assistant United States Attorney for the District of Delaware, and the defendant, Vincente Villalobos-Rodriguez, by and through his attorney, Edson A. Bostic, Esquire, the following agreement is hereby entered into by the respective parties:

1. The defendant agrees to plead guilty to Counts 2 and 3 of the Indictment. Count 2 charges the defendant with falsely claiming U.S. citizenship in violation of Title 18, United States Code, Section 911, which carries a maximum penalty of three years imprisonment, a $250,000 fine, one year supervised release, and a $100 special assessment. Count 3 charges the defendant with aggravated identity theft in violation of Title 18, United States Code, Section 1028A, which carries a maximum penalty of a mandatory two year term of incarceration, which must run consecutive to any term or incarceration imposed on Count 2, one year term of supervised release, up to a $250,000 fine, and a $100 special assessment.

2. The United States agrees to move at sentencing to dismiss the remaining counts of the Indictment.

FILED

AUG 22 2007

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

3.   The defendant understands that if there were a trial, the Government would have to prove the following elements with respect to Count 2 of the Indictment: (a) that the defendant represented himself to be a citizen of the United States; and (b) that the defendant did so falsely and willfully, that is, with an intent to violate the law. With respect to Count 3 of the Indictment, the Government would have to prove the following elements: (a) that the defendant knowingly used, without lawful authority, a means of identification of another person; and (b) the defendant did so in relation to a violation of the false claim of citizenship statute, 18 U.S.C. § 911.

4.   The defendant admits that in committing Counts 2 and 3 of the Indictment the following facts: (a) that on or about August 23, 2004, when applying for a job at Mountaire Poultry Plant in Selbyville, Delaware, the defendant fraudulently used the name and Social Security number of a United States citizen and submitted an immigration form I-9.

5.   The defendant understands that the District Court must consider the United States Sentencing Guidelines and the factors set forth in 18 U.S.C. § 3553(a) in determining an appropriate sentence. At this stage (prior to the preparation of the pre-sentence report), the defendant should expect that the Government will recommend that the Court impose a sentence consistent with the sentencing range set forth by the sentencing guidelines. The defendant understands, however, that the ultimate determination of an appropriate sentence will be up to the sentencing judge. The Court may impose a sentence which exceeds, falls below, or is contained within the sentencing range prescribed by the sentencing guidelines. The defendant expressly acknowledges that if the Court imposes a sentence outside the range set forth in the sentencing guidelines, or otherwise different than the defendant expected, or contrary to the recommendation of his attorney or the United States, the defendant will not be allowed to withdraw his guilty plea on that basis.

6.   Provided that the United States Attorney does not subsequently learn of conduct by the defendant inconsistent with acceptance of responsibility, at sentencing, (a) the United States agrees not

to contest a reduction under USSG §3E1.1(a) based on the defendant's conduct to date; and (b) if the Court determines that the defendant's offense level is 16 or higher, the United States agrees to move for a three level reduction under USSG §3E1.1(b) based on the defendant's conduct to date.

7. The defendant agrees to pay the $200 special assessment at the time of sentencing. Should he fail to do so, the defendant agrees to voluntarily enter the United States Bureau of Prisons' administered program known as the Inmate Financial Responsibility Program through which the Bureau of Prisons will collect a portion of the defendant's prison salary and apply it on the defendant's behalf to the payment of the outstanding debt ordered.

8. It is further agreed by the parties that this Memorandum supersedes all prior promises, representations, and statements of the undersigned parties; that this Memorandum may be modified only in writing signed by all the parties; and that any and all promises, representations and statements made prior to or after this Memorandum are null and void and have no effect whatsoever, unless they comport with the subsequent written modification requirements of this paragraph.

_[signature]_
Edson A. Bostic, Esquire
Attorney for Defendant

COLM F. CONNOLLY
United States Attorney

By: _[signature]_
Edmond Falgowski
Assistant United States Attorney

_[signature]_
Vincente Villalobos-Rodriguez
Defendant

Dated: 8-22-07

AND NOW, this 22 day of August, 2007, the foregoing Memorandum of Plea Agreement is hereby (accepted) ~~rejected~~ by this Court.

_[signature]_
HONORABLE JOSEPH J. FARNAN, JR.
Chief United States District Court Judge

3